TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX/CHRISTOPHER D. GRIGG
Assistant United States Attorneys
Chiefs, Criminal and National Security Divisions
KAREN I. MEYER (Cal. Bar No. 220554)
DEVON MYERS (Cal. Bar No. 240031)
Assistant United States Attorneys
Violent & Organized Crime/Cyber & IP Crimes Sections
    1300/1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559/0649
    Facsimile: (213) 894-2927
    E-mail:    kim.meyer@usdoj.gov
               devon.myers@usdoj.gov

LAUREN S. KUPERSMITH
KYLE P. REYNOLDS
Trial Attorneys
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
    1301 New York Avenue, NW
    Washington DC 20005
    Telephone: (202) 514-1564
    Facsimile: (202) 514-1793
    E-mail:    lauren.kupersmith@usdoj.gov
               Kyle.reynolds@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-404(B)-AB-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S MEMORANDUM IN AID OF DEFENDANT ARLAN WESLEY HARRELL'S CHANGE OF PLEA |
| v. | |
| ARLAN WESLEY HARRELL, et al., | |
| Defendants. | |

     Plaintiff United States of America, by and through its attorneys
of record, the United States Attorney's Office for the Central
District of California and Assistant United States Attorneys Devon

1  Myers and Karen I. Meyer and Department of Justice Trial Attorneys

2  Lauren Kupersmith and Kyle P. Reynolds, hereby submits this

3  memorandum in aid of defendant ARLAN WESLEY HARRELL's ("defendant")

4  Rule 11 plea.  At the change of plea hearing set for May 14, 2021, it

5  is the government's understanding that defendant intends to plead

6  guilty to all of the charges in which he is named in the Second

7  Superseding Indictment, without a plea agreement.  The government

8  hereby files a brief statement regarding the elements, penalties, and

9  facts supporting those counts in which defendant is named: Counts One

10  through Five and Seven through Twenty-Four.

11

12   Dated: May 11, 2021                Respectfully submitted,

13                                      TRACY L. WILKISON
                                        Acting United States Attorney
14
                                        BRANDON D. FOX/CHRISTOPHER D. GRIGG
15                                      Assistant United States Attorneys
                                        Chiefs, Criminal/National Security
16                                      Divisions

17
                                              /S/
18                                      _____
                                        DEVON MYERS
                                        KAREN I. MEYER
19                                      Assistant United States Attorneys

20                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
21

22

23

24

25

26

27

28

**MEMORANDUM**

**I.    INTRODUCTION**

Defendant Arlan Wesley Harrell ("defendant") has indicated that he intends to plead open to all counts of the Second Superseding Indictment ("SSI") in which he is named.  The parties attempted to negotiate a factual basis on which they agreed.  Defense counsel's preference is to only use those facts alleged in the SSI.  The government is concerned, however, that a factual basis of only those facts in the SSI may be insufficient for it to be clear to the Court that defendant understands the nature of the charges.

For example, in United States v. Rivillas, the Court held that reading the indictment in a conspiracy case was not sufficient to indicate that the defendant understood the charges against him.  243 F.3d 551, *1-2 (9th Cir. 2000)(unpub.) ("Reading the indictment aloud was also inadequate under Rule 11. Although simply reading the indictment may suffice in some cases to inform a defendant of the nature of the charges against him, Rule 11 is not satisfied unless there is evidence on the record that the defendant understands the nature of the charges. . . . Conspiracy is a complex charge, esoteric to an accused, and we have consistently reversed guilty pleas when, as here, the district court failed to explain the nature of a conspiracy charge to the defendant." (internal citations and quotations omitted)); see also United States v. Kramer, 781 F.2d 1380, 1384 (9th Cir. 1986) ("in non-complex cases, a reading of the indictment may suffice").

Given that this case involves a significant sentencing exposure for defendant, that some of the charges are complex or involve

1   statutory language whose meaning is not always clear on its face, the

2   government proposes the factual basis below.  The government's

3   proposed factual basis hews closely to the language of the SSI but

4   also uses more plain language in place of legal terms of art and

5   includes some additional details that the government believes will

6   help the Court be assured that defendant understands the nature of

7   the charges against him.

8   **II.   GUILTY PLEA**

9       Defendant is pleading guilty to all counts in the twenty-four

10  count SSI in which he is charged in United States v. Arlan Wesley

11  Harrell, et al., 17-cr-404(B)-AB, which are counts One through Five

12  and Seven through Twenty-Four.

13      Count One charges defendant with Child Exploitation Enterprise,

14  in violation of Title 18, United States Code, Section 2252A(g). Count

15  Two charges defendant with Obtaining Custody of A Child To Produce

16  Child Pornography, in violation of Title 18, United States Code

17  Section 2251A(b).  Counts Three through Five charge defendant with

18  Production of Child Pornography, in violation of Title 18, United

19  States Code, Sections 2251(a), (e), as well as the alternate theory

20  of aiding and abetting the Production of Child Pornography in

21  violation of Title 18, United States Code, Section 2(a).  Counts

22  Seven through Twenty-Three charge defendant with Production of Child

23  Pornography, in violation of Title 18, United States Code, Sections

24  2251(a), (e).  Count Twenty-Four charges defendant with Possession of

25  Child Pornography in violation of title 18, United States Code,

26  Section 2252(a)(4)(B), (b)(2).

27

28

1 | **III. NATURE OF THE OFFENSE**

2 |     1.   For defendant to be guilty of the crime charged in Count

3 | One, that is, Child Exploitation Enterprise, in violation of Title

4 | 18, United States Code, Section 2252A(g), the following must be true:

5 | (1) defendant knowingly produced, advertised, transported,

6 | distributed, or received child pornography in violation of Chapter

7 | 110 of Title 18, United States Code, as part of a series of felony

8 | violations constituting three or more separate incidents; (2) the

9 | incidents involved more than one victim; and (3) the defendant

10 | committed those offenses in concert with three or more other persons.

11 |     2.   For defendant to be guilty of the crime charged in Count

12 | Two, that is, Obtaining Custody of A Child To Produce Child

13 | Pornography, in violation of Title 18, United States Code Section

14 | 2251A(b), the following must be true: (1) defendant purchased or

15 | otherwise obtained custody or control of a minor, or otherwise

16 | offered to purchase or otherwise obtain custody or control of a

17 | minor; (2) defendant (a) knew that as a consequence of the purchase

18 | or obtaining of custody, the minor would be portrayed in a visual

19 | depiction engaging in, or assisting another person to engage in,

20 | sexually explicit conduct; or (b) defendant intended to promote

21 | either the engaging in of sexually explicit conduct by such minor for

22 | the purpose of producing any such visual depiction or the rendering

23 | of assistance by the minor to any other person to engage in sexually

24 | explicit conduct for the purpose of producing any visual depiction of

25 | such conduct; and (3) (a) the minor or defendant traveled or was

26 | transported in or affecting interstate or foreign commerce; (b) the

27 | offer was communicated or transported using any means or facility of

28 |

1   interstate or foreign commerce or in or affecting interstate or

2   foreign commerce by any means including by computer, or using the

3   mail; or (c) the conduct took place in any territory or possession of

4   the United States.

5       3.   For defendant to be guilty of the crime charged in Counts

6   Three, Four, Five, and Seven through Twenty-Three, that is,

7   Production of Child Pornography, in violation of Title 18, United

8   States Code, Sections 2251(a), (e), the following must be true: (1)

9   at the time of the offense, the victim was under the age of 18 years;

10  (2) defendant employed, used, persuaded, induced, enticed, or coerced

11  the victim to take part in sexually explicit conduct for the purpose

12  of producing a visual depiction of such conduct; and (3) (a) the

13  visual depiction was actually transported and transmitted using any

14  means or facility of interstate and foreign commerce and in and

15  affecting interstate commerce; or (b) the defendant knew or had

16  reason to know that the visual depiction would be transported or

17  transmitted using any means or facility of interstate or foreign

18  commerce or in or affecting interstate commerce; or (c) the visual

19  depiction was produced or transmitted using materials that have been

20  mailed, shipped, or transported in or affecting interstate or foreign

21  commerce by any means, including by computer.

22      4.   For defendant to be guilty of Aiding and Abetting the

23  Production of Child Pornography, as charged as an alternative theory

24  in Counts Three, Four and Five, in violation of Title 18, United

25  States Code, Section 2251(a), the following must be true: (1) someone

26  else committed the production of child pornography; (2) defendant

27  aided, counseled, commanded, induced or procured that person with

28

4

1  respect to at least one element of the production of child

2  pornography; (3) defendant acted with the intent to facilitate the

3  production of child pornography; and (4) defendant acted before the

4  crime was completed.

5      5.    For defendant to be guilty of the crime charged in Count

6  Twenty-Four, that is, possession of child pornography, in violation

7  of title 18, United States Code, Section 2252(a)(4)(B), (b)(2), the

8  following must be true: (1) defendant knowingly possessed one or more

9  matter that defendant knew contained visual depictions of minors

10 engaged in sexually explicit conduct; (2) defendant knew that the

11 visual depictions showed minors engaged in sexually explicit conduct;

12 (3) defendant knew that the production of such visual depictions

13 involved use of a minor in sexually explicit conduct; and (4) the

14 visual depiction had been either: (a) transported using any means or

15 facility of interstate commerce or in or affecting interstate

16 commerce or (b) produced using materials that had been transported

17 using any means or facility of interstate commerce or in or affecting

18 in interstate or foreign commerce by computer or other means.

19 **IV.   PENALTIES**

20     6.    The statutory maximum sentence that the Court can impose

21 for a violation of Title 18, United States Code, Section 2252A(g),

22 is: life imprisonment; a lifetime period of supervised release; full

23 restitution to the victims of the offense; a fine of $250,000 or

24 twice the gross gain or gross loss resulting from the offense,

25 whichever is greatest; and a mandatory special assessment of $100 and

26 a $5,000 special assessment pursuant to title 18, United States Code,

27 Section 3014 if the Court determines defendant is non-indigent.

28

5

7.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251A(b), is: life imprisonment, a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

8.    The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Sections 2251(a), (e), is: 30 years' imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

9.    The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252(a)(4)(B), (b)(2), is: twenty years' imprisonment; a lifetime period of supervised release; full restitution to the victims of the offense; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100 and a $5,000 special assessment pursuant to title 18, United States Code, Section 3014 if the Court determines defendant is non-indigent.

10.    The total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a lifetime period of supervised release; a fine of $5,750,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; a mandatory special assessment of $2,300 and a trafficking special assessment of $115,000, if the Court determines that defendant is not indigent.

11.    The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252A(g), is: 20 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

12.    The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251A(b), is: 30 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

13.    The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), is: 15 years' imprisonment; five years' supervised release; and a mandatory special assessment of $100.

14.    The statutory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2252(a)(4)(B), is: five years' supervised release; and a mandatory special assessment of $100.

15.    Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised

1  release imposed, defendant may be returned to prison for all or part

2  of the term of supervised release authorized by statute for the

3  offense that resulted in the term of supervised release.

4        16.   By pleading guilty, defendant may be giving up valuable

5  government benefits and valuable civic rights, such as the right to

6  vote, the right to possess a firearm, the right to hold office, and

7  the right to serve on a jury.  Once the Court accepts defendant's

8  guilty pleas, it will be a federal felony for defendant to possess a

9  firearm or ammunition.  The convictions in this case may also subject

10  defendant to various other collateral consequences, including but not

11  limited to revocation of probation, parole, or supervised release in

12  another case and suspension or revocation of a professional license.

13  Defendant understands that unanticipated collateral consequences will

14  not serve as grounds to withdraw defendant's guilty pleas.

15        17.   If defendant is not a United States citizen, the

16  convictions in this case makes it practically inevitable and a

17  virtual certainty that defendant will be removed or deported from the

18  United States.  Defendant may also be denied United States

19  citizenship and admission to the United States in the future.

20  Defendant understands that while there may be arguments that

21  defendant can raise in immigration proceedings to avoid or delay

22  removal, removal is presumptively mandatory and a virtual certainty

23  in this case.  Removal and immigration consequences are the subject

24  of a separate proceeding and that no one, including his attorney or

25  the Court, can predict to an absolute certainty the effect of his

26  convictions on his immigration status.  Defendant nevertheless

27  affirms that he wants to plead guilty regardless of any immigration

28

8

1  consequences that his pleas may entail, even if the consequence is

2  automatic removal from the United States.

3       18.  As a condition of supervised release, under Title 18,

4  United States Code, Section 3583(d), defendant will be required to

5  register as a sex offender.  Independent of supervised release,

6  defendant will be subject to federal and state registration

7  requirements, for a possible maximum term of registration up to and

8  including life.  Under Title 18, United States Code, Section 4042(c),

9  notice will be provided to certain law enforcement agencies upon his

10 release from confinement following conviction.  The defendant must

11 register and keep the registration current in each jurisdiction in

12 which the defendant resides, is an employee, or is a student.

13 Requirements for registration include providing, among other

14 information, the defendant's true name, residence address, and names

15 and addresses of any places where the defendant is or will be an

16 employee or student.  The requirement to keep the registration

17 current includes informing at least one jurisdiction in which the

18 defendant resides, is an employee, or is a student not later than

19 three business days after any change of the defendant's name,

20 residence, employment, or student status.  Failure to comply with

21 these obligations subjects the defendant to prosecution for failure

22 to register under federal law, 18 U.S.C. § 2250, which is punishable

23 by a fine or imprisonment, or both.

24 **V.    FACTUAL BASIS**

25      19.  The United States  submits that this statement of facts is

26 sufficient to support pleas of guilty to the charges described in

27 this document, but it is not meant to be a complete recitation of all

28

9

1   facts relevant to the underlying criminal conduct or all facts known

2   to either party that relate to that conduct.

3        As to Count 1, HARRELL (a/k/a "soole," "fritters," "kronos," and

4   "the dread king") was a member of "Website A," which was an Internet-

5   based, members-only bulletin board dedicated to the production,

6   advertisement, transportation, receipt, distribution, and possession

7   of child pornography depicting children five years old or younger.

8   HARRELL was a member of Website A and that he made posts under the

9   username "Soole."  When HARRELL was a member, Website A had over one

10  thousand members.  Its members used screen names to mask their

11  identities, followed security rules regarding remaining anonymous,

12  and needed to use a network that masked each member's Internet

13  Protocol address.

14       Members could make "posts" to Website A that often included

15  child pornography images and videos and links to child pornography.

16  Members could make these posts in different sections of Website A

17  that were dedicated to child pornography depicting children of

18  certain ages and genders.  Website A also allowed members to ascend

19  to certain "ranks" based on the extent of that member's participation

20  in Website A, including the amount of child pornography the member

21  shared over the website.

22       HARRELL joined Website A on approximately February 12, 2016 and

23  made approximately 155 posts to other Website A users.  For example,

24  acting in concert with co-defendant, John Richard Brinson, and other

25  members of Website A, HARRELL made the following posts on Website A:

26       • On November 3, 2016, HARRELL made a post that contained a

27         preview image portraying smaller images, including images

28

10

1          that depicted a closeup of Minor Victim 14's unclothed legs

2          spread to show her genitals in the middle of the image.

3          The post also included a link for the preview image and a

4          link to download full-size versions of the smaller images,

5          along with text about the images.  Minor Victim 14 was

6          approximately five years old at the time of the post.

7      • On January 12, 2017, HARRELL made a post that contained a

8          preview image portraying smaller images, including images

9          that depicted a closeup of Minor Victim 5's unclothed

10         genitals being spread by HARRELL's fingers.  The post also

11         included a link for the preview image and a link to

12         download full-size versions of the smaller images, along

13         with text about the images and a statement that there would

14         be more.  Minor Victim 5 was less than two years old at the

15         time of the post.

16     • On April 15, 2017, HARRELL made a post that included links

17         to two image previews of video files and links to the two

18         video files, as well as text describing the videos.  One of

19         the videos depicted Minor Victim 6 being anally penetrated

20         by HARRELL's penis.  Minor Victim 6 was less than three

21         years old at the time of the post.

22     As to Count 2, on or about September 24, 2016, HARRELL took

23 custody and control of Minor Victim 11, who was then approximately

24 three years old, and transported him to Brinson's residence for the

25 purpose of producing child pornography.  While in HARRELL's custody,

26 HARRELL and Brinson created images of Minor Victim 11, which depicted

27 the lascivious exhibition of Minor Victim 11's genitals and images

28

1 that depicted adult fingers touching Minor Victim 11's penis and

2 anus. HARRELL's offer to obtain custody of Minor Victim 11 was

3 communicated using a cellular telephone network, i.e., a means or

4 facility of interstate commerce.

5    As to Count 3 through 5, between approximately September 24,

6 2016 and May 28, 2017, HARRELL and Brinson, each assisting the other,

7 created images and/or videos of Minor Victims 3, 11, and 12, which

8 depicted the lascivious display of the genitals of Minor Victims 3,

9 11, and 12, as well as HARRELL and/or Brinson orally copulating, or

10 masturbating or anally penetrating Minor Victims 3, 11, and 12.  Each

11 image or video was produced or transmitted using materials that were

12 manufactured outside of California.  At all relevant times, Minor

13 Victim 3 was less than 8 years old and Minor Victim 12 was less than

14 4 years old.

15    As to Counts 7 through 20, between approximately 2013 and May

16 28, 2017, HARRELL created images and/or videos of Minor Victims 5, 6,

17 7, 8, 9, 10, 13, 14, 15, 16, 17, 18, 19, and 20, each of which

18 depicted the lascivious display of the genitals of those minors or

19 depicted HARRELL orally copulating or masturbating the minors or

20 penetrating them with his penis.  Each image or video was produced or

21 transmitted using materials that were manufactured outside of

22 California.  At all relevant times, Minor Victims 5, 6, 7, 8, 9, 10,

23 13, 14, 15, 16, 17, 18, 19, and 20 were less than 10 years old.

24    As to Counts 21 through 23, on approximately May 19, 2017,

25 HARRELL created images and/or videos of Minor Victims 21, 22, and 23,

26 which depicted the lascivious display of the genitals of each of

27 those minors.  Each image or video was produced or transmitted using

28

12

1   materials that were manufactured outside of California.  At all

2   relevant times, Minor Victims 21, 22, and 23 were less than 7 years

3   old.

4        As to Count 24, on approximately May 28, 2017, HARRELL possessed

5   at least one electronic device that contained images and videos of

6   minors, including minors who were under 12 years old who are not

7   Minor Victims 3 or 5-23, that depict among other things, the

8   lascivious display of the minors' genitals.  These images were

9   produced using materials that had been transported across a state

10  line into California and/or had been transmitted via the internet,

11  i.e., a means or facility of interstate commerce.

12       All of HARRELL's offenses described above took place in the

13  state of California and in whole or in part within the Central

14  District of California.  He took these actions knowingly and

15  deliberately and not by mistake or accident.  All of the individuals

16  designated as "Minor Victims" were under the age of 18 at the time of

17  his conduct.  This Factual Basis does not recite every fact known to

18  the United States about HARRELL's conduct, and it does not prevent

19  either party from introducing additional facts or evidence at

20  sentencing.

21  **VI.   WAIVER OF CONSTITUTIONAL RIGHTS**

22       20.  By pleading guilty, defendant gives up the following

23  rights:

24            a.   The right to persist in a plea of not guilty.

25            b.   The right to a speedy and public trial by jury.

26            c.   The right to be represented by counsel – and if

27  necessary have the Court appoint counsel – at trial.  Defendant

28

13

1  understands, however, that, defendant retains the right to be

2  represented by counsel – and if necessary have the Court appoint

3  counsel – at every other stage of the proceeding.

4          d.    The right to be presumed innocent and to have the

5  burden of proof placed on the government to prove defendant guilty

6  beyond a reasonable doubt.

7          e.    The right to confront and cross-examine witnesses

8  against defendant.

9          f.    The right to testify and to present evidence in

10  opposition to the charges, including the right to compel the

11  attendance of witnesses to testify.

12          g.    The right not to be compelled to testify, and, if

13  defendant chose not to testify or present evidence, to have that

14  choice not be used against defendant.

15          h.    Any and all rights to pursue any affirmative defenses,

16  Fourth Amendment or Fifth Amendment claims, and other pretrial

17  motions that have been filed or could be filed.

18

19

20

21

22

23

24

25

26

27

28